# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

FEB 1 6 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| RODNEY PATTON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | No.    04 C 7445 |
| COUNTY OF COOK, et al., | ) | |
| | ) | |
| *Defendants.* | ) | *Judge Milton I. Shadur* |

## NOTICE OF FILING

TO:    William Frank Dorner & John A. Ouska, Esqs.,  Cook County State's Attorney
500 Richard J. Daley Center, 50 West Washington,  Chicago IL 60602

**PLEASE TAKE NOTICE** that we have on February 16, 2005 filed FIRST AMENDED COMPLAINT AT LAW with the Clerk of the United States District Court for the Northern District of Illinois, a copy of which is herewith served upon you.

CASSIDAY, SCHADE & GLOOR, LLP

By: _____

One of the Attorneys for RODNEY M. PATTON
(Plaintiff)

David C. Van Dyke
Patrick E. Halliday
CASSIDAY, SCHADE & GLOOR, LLP
20 N. Wacker Drive,   Suite 1040
Chicago, Illinois    60606
(312) 641-3100

STATE OF ILLINOIS       )
                        ) SS.
COUNTY OF COOK          )

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn upon oath deposes and states that she caused a copy of the foregoing document to be personally served via hand delivery to William Frank Dorner & John A. Ouska, Cook County State's Attorney, 500 Richard J. Daley Center, 50 West Washington, Chicago IL 60602 on February 17, 2005.

SUBSCRIBED AND SWORN TO before
me this 16TH day of February, 2005.

_____
NOTARY PUBLIC
6687756    PHALLIDAY;DPARKS

OFFICIAL SEAL
**DEBBIE K. PARKS**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-3-2005

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY M. PATTON | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 04 C 7445 |
| COUNTY OF COOK; | ) | |
| MICHAEL F. SHEAHAN, SHERIFF OF | ) | Judge Shadur |
| COOK COUNTY; CALLIE BAIRD, | ) | |
| EXECUTIVE DIRECTOR OF C.C.D.O.C.; | ) | |
| SCOTT KURTOVICH, ASSISTANT | ) | |
| DIRECTOR OF C.C.D.O.C.; | ) | |
| TIMOTHY KAUFMAN, CHIEF INTERNAL | ) | |
| AFFAIRS; TIMOTHY REED, | ) | **FILED** |
| SHERIFF OFFICER, OFFICER FULSON; | ) | |
| OFFICER GILMORE; OFFICER PHILLIPS; | ) | FEB 1 6 2005 |
| OFFICER JROCHOWSKI and JOHN DOES I-VII | ) | |
| | ) | MICHAEL W. DOBBINS |
| Defendants. | ) | CLERK, U.S. DISTRICT COURT |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, RODNEY M. PATTON, (hereinafter "PATTON") by and through his attorneys, CASSIDAY SCHADE & GLOOR, LLP, hereby complaining of Defendants, COUNTY OF COOK, MICHAEL F. SHEAHAN, CALLIE BAIRD, SCOTT KURTOVICH, TIMONTY KAUFMAN, TIMOTHY REED, OFFICER FULSON, OFFICER GILMORE, OFFICER PHILLIPS, OFFICER JROCHOWSKI and unidentified Sheriff Bailiff's JOHN DOES I-VII as follows:

### JURISDICTION and VENUE

1.   The Plaintiff brings this action to redress injury done to him by the defendants' intentional deprivation of his rights under the Eighth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983; and further that Defendants' actions amounted to willful and wanton conduct under Illinois state law.

2.   The jurisdiction of this Honorable Court is invoked pursuant to 42 U.S.C. § 1983 and supplemental jurisdiction is requested over state law claims.

3.   The deprivation of rights occurred within the Northern District of Illinois and therefore venue is proper.

## PARTIES

1.  Rodney M. Patton is a natural person, a resident of the City of Chicago, and at all times material, was a prisoner with Cook County Department of Corrections (hereinafter "CCDOC") bearing the identification number 20040029855.

2.  Defendant Cook County Department of Corrections is a corporation, organized and existing under and by virtue of the laws of the State of Illinois.

3.  Defendant Michael F. Sheahan, sued individually and in his official capacity, is the Sheriff of Cook County who, at all times material, acted in his capacity as Sheriff and employee of the Cook County Department of Corrections and acted under color of law.

4.  Defendant Callie Baird, sued individually and in his official capacity, is the Executive Director of the Cook County Department of Corrections who, at all times material, acted in his capacity as the Director and employee of the Cook County Department of Corrections and acted under color of law.

5.  Defendant Scott Kurtovich, sued individually and is his official capacity, is the Assistant Executive Director of the Cook County Department of Corrections who, at all times material, acted in his capacity as the Assistant Director and employee of the Cook County Department of Corrections and acted under Color of Law.

6.  Defendant Timothy Kaufman, sued individually and is his official capacity, is the Chief of Internal Affairs of the Cook County Department of Corrections who, at all times material, acted in his capacity as the Chief of Internal Affairs and employee of the Cook County Department of Corrections and acted under Color of Law.

7.  Defendant Timothy Reed, sued individually and is his official capacity, is Sheriff Officer #7793 of the Cook County Department of Corrections who, at all times material, acted in his capacity as officer and employee of the Cook County Department of Corrections and acted under Color of Law.

8.  Defendants Sheriff Bailiffs, JOHN DOES I-VII, sued individually and in their official capacity, whom at all times material, acted in their capacity as Sheriff Bailiffs and employees of the Cook County Department of Corrections and acted under Color of Law.

9.    Defendants, Officer Fulson, Officer Gilmore, Officer Phillips, and Officer Jrochowski, will be added when the Cook County Department of Corrections releases the full name and badge numbers of said defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.    There is a grievance procedure available at the C.C.D.O.C. and Plaintiff has filed a grievance concerning the facts in this Complaint.

2.    Plaintiff filed a grievance on each issue present in the Complaint, and the result was unsatisfactory to Plaintiff due to the nature of the assault.

3.    Plaintiff filed an appeal and the result was unsatisfactory which then and there caused plaintiff to file this civil action against said Defendants.

4.    The grievance procedure is completed and plaintiff complained to authorities.

5.    Plaintiff wrote the office of professional regulations, and filed a civil complaint for state tort in the Circuit Court of Cook County, under case number 04 L 010163.

6.    There was no reply from the office of professional regulations and the State Civil Complaint is pending and the claims will be voluntarily dismissed from the Circuit Court of Cook County and consolidated with the Federal action.

## ALL LAWSUITS FILED BY PLAINTIFF IN ANY STATE OR FEDERAL COURT

1.    Patton v. Kane County, 03 C 3993; approximate date of filing is unknown. The Plaintiff was Rodney Patton, and Defendant was Nurse Cadezna. The suit was filed in the Northern District of Illinois and the Honorable Judge Shadur was assigned to the case. The basis of the suit was premised upon civil rights and the case was dismissed.

2.    Patton v. Kane County Department of Corrections, 03 C 2002; the date of filing was in 2003. The plaintiff was Rodney Patton and the defendant was the Kane County Department of Corrections. The suit was filed in the Northern District of Illinois and assigned to the Honorable Judge Shadur on the basis of a civil rights claim. The lawsuit was dismissed in 2003.

3.    Patton v. City of Chicago, 04 C 3933; date of filing was June 9, 2004. The plaintiff was Rodney M. Patton and the defendants were the City of Chicago, and Chicago Police Officers Herbert Betancourt and Kevin Fron. The lawsuit was filed in the Northern District of Illinois and was assigned to the Honorable Judge Gettleman on the basis of civil right. This cause of action is still pending.

# FACTS

## *INCIDENT I*

1. On or about April 14, 2004, and at all times material, Plaintiff was in the custody of the Defendants, Cook County Sheriffs court intake bailiff's, John Does I through VII, awaiting his call for a court appearance via closed circuit television in the basement and/or "bullpen" of the Cook County Courthouse.

2. On or about April 14, 2004, and at all times material, Defendants Sheriff Bailiffs I-VII conducted a routine search of all detainees including, but not limited to, plaintiff before court and at approximately 9:00 a.m. was ordered out of the "bullpen" holding along with the other detainees.

3. On or about April 14, 2004, and at all times material, upon being called out of the "bullpen" was commanded to face the wall and Defendants, Sheriff Bailiffs I-VII, commanded Plaintiff with abrupt and unwarranted use of degrading language and threats.

4. On or about April 14, 2004, and at all times material, upon hearing the degrading language and threats Plaintiff became nervous, looked to the side and behind his person to determine the events taking place and was then and there physically attacked by Sheriff Bailiff (I) from behind.

5. On or about April 14, 2004, and at all times material, Defendant, Sheriff Bailiff (I) grabbed Plaintiff by the neck and slammed his head into the wall several times.

6. On or about April 14, 2004, and at all times material, Defendants, Sheriff Bailiffs II-VII witnessed the attack upon Plaintiff and Defendants did not make an attempt to stop the attack.

7. On or about April 14, 2004, and at all times material, Defendants Sheriff Bailiffs I-VII committed verbal abuse after Sheriff (I) attacked Plaintiff.

8. On or about April 14, 2004, and at all times material, the attack was premised on an unwritten policy and custom to place fear and harm upon detainees, including plaintiff, entering the C.C.D.O.C. facilities.

9. That as a result of said policy and procedure, Plaintiff was randomly targeted for the willful and wanton attack.

10. That at all times material Defendants, Sheriff Bailiff II-VII failed to stop and/or intervene Sheriff Bailiff I from gross malicious conduct.

11. That at all times material Defendants, Sheriff Bailiffs II-VII participated in the willful and wanton conduct and negative verbal treatment by yelling "Anyone else who can't pay attention, would be given the same violent brute force, and physical ass kicking."

12. That at all times material, Defendants, Sheriff Bailiffs I-VII, forced Plaintiff to remain against the wall even though Plaintiff was injured and in need of medical attention.

13. Plaintiff was denied prompt emergency medical care upon intake of the jail and was denied follow up medical attention for my underlying physical and mental injury inflicted upon plaintiff.

14. That Defendants, Sheriff Bailiffs I-VII, while working under the authority of State Law, while in their individual and official capacities as Sheriff's of Cook County, unreasonably, unjustifiably and with a reckless disregard for the rights of plaintiff assaulted plaintiff without cause.

15. That Defendants, Michael Sheehan, Callie Baird, and Scott Kurtovich, have implemented and enforced their Sheriff employees and officers to use any and all necessary means to control all detainees physically and psychologically whom come into the custody of the Cook County Sheriff.

16. That said policy of enforcing physical assaults and verbally degrading detainees has been a deliberate and intentionally created policy.

17. That Defendants have arbitrarily permitted use of violence by its officers and employees have violated the Eighth Amendment rights of Plaintiff by failure to provide a safe environment.

18. Defendants have at all times material failed to act and/or forward grievance of Plaintiff to court services which is a directive given by the Sheriff, Director, Assistant Director and the C.C.D.O.C. board.

19. Defendant, Timothy Kaufman, has deliberately failed to forward grievance to Internal Affairs Division of court services.

20. That at all times material there were two Internal Affairs Divisions, the County Jail and the Courthouse, which is in violation of new implemented directives, and policies regarding inmate abuse from Officers and employees.

21. Defendant, Michael Sheahan and his underlying staff have deliberately failed to enforce new rules and directives that were put in place by the County Board all while acting under color of state law and willfully and wantonly with knowledge of the abuse, and knowledge of the failure to properly investigate has authorized said actions.

22. Defendants, Callie Baird and Scott Kurtovich, also have knowledge of Plaintiffs complaints as they are bound by their duties to oversee the everyday operations of the jail and annex facilities.

23. Said grievances have been unfairly and with a reckless disregard shoved aside and not forwarded.

23. That at all times material Jail administrators , supervisors and security personnel have failed to review courthouse videos which would unveil such conduct.

25. That on or about April 14, 2004, no report of such incident has been documented nor any response why.

26. Defendant Timothy Kaufman has failed to properly investigate or forward grievance complaint regarding abuse.

27. Defendant Timothy Kaufman has not allowed Plaintiff any knowledge of Defendants John Does I-VII which is in violation of my constitutional rights to due process.

### *INCIDENT II*

28. On or about August 1, 2004, and at all times material, Defendant Timothy Reed was assigned to Unit 2 in Division 5 of the C.C.D.O.C. to perform duties of letting detainees out of their cells.

29. On or about August 1, 2004, and at all times material, at approximately 3:00 p.m. Defendant Reed proceeded to Plaintiffs cell and commanded plaintiff to hurry up.

30. That on August 1, 2004, Plaintiff was still asleep upon Defendant Reed opening the door and replied plaintiff needed a minute to get ready.

31. That on August 1, 2004, Defendant Timothy Reed slammed the door with plaintiff still inside and continued to let other detainees out of their cells

32. That on August 1, 2004, Defendant Timothy Reed returned to let plaintiff out and in the course humiliated, provoked and struck fear into plaintiff for not ready being ready.

32. Defendant Timothy Reed while working in his official and individual capacity under color of state law, threatened plaintiff with harm while walking on the deck.

33. Defendant Timothy Reed talked down to plaintiff in order to provoke and humiliate me into a physical confrontation upon Reed making a comment about "kicking Plaintiff's ass."

34. That on August 1, 2004, and at all times material, Plaintiff was taken into the hall and verbally abused by Defendant Reed while standing directly in plaintiffs face taunting plaintiff to talk back which Plaintiff took to be a threat.

35. After such incident in the company of Sheriff Officers Fulson and Gilmore were called deliberately and intentionally for non-legitimate business only to assist Defendant Timothy Reed to hold up the comment of harming plaintiff.

36. Plaintiff was degraded with words and told to go back to the tier.

37. On or about August 6, 2004, and at all times material, Plaintiff was pulled from the line of detainees coming from recreation and was then and there physically assaulted by Defendant Timothy Reed.

38. That on or about August 6, 2004, Defendant Timothy Reed repeatedly poked Plaintiff with force against Plaintiff's face with his finger in order to make plaintiff react violently.

39. That on or about August 6, 2004, a video camera recorded the incident.

40. That on August 6, 2004, Defendant Timothy Reed commanded Plaintiff back to his wing.

41. That on August 6, 2004, Defendant Timothy Reed violently grabbed plaintiff and slammed him against the wall directly causing injury.

42. That on August 6, 2004, and at all times material, the attack by Defendant Reed took place in front of Defendant Officers Phillips and Jrochowski.

43. That at all times material, Defendant Officers Phillips and Jrochowski were under a secret code of silence and never stopped and/or intervened the assault by Defendant Timothy Reed upon plaintiff.

44. Defendant Timothy Reed attempted to keep plaintiff out of the clear view of the cameras in Division 5 during his physical attack in order for it not to be recorded.

45. Defendant Michael F. Sheahan has employed staff who have inflicted mental and physical injuries upon plaintiff.

46. Defendant's staff has with a deliberate, reckless disregard and indifference to plaintiffs rights have made malicious verbal statements that plaintiff would be harmed if said incident was reported.

47. The failure of Internal Affairs to remedy plaintiff's past complaints and grievances, the rights of plaintiffs are not protected nor given proper inquiry and now seeks a civil action for the constitutional violation of rights committed by the C.C.D.O.C.

48. That Plaintiff has requested the names and badge numbers of Sheriff Officers Fulson, Gilmore, Phillips and Jrochowski from Chief Timothy Kaufman of Internal Affairs.

49. That Plaintiff was, at all times material, entitled to the names and badge numbers upon request.

50. That Defendants, Officers Fulson, Gilmore, Phillips and Jrochowski while working in their official capacity stood by and watched Defendant, Timothy Reed verbally and physically abuse plaintiff.

51. That at all times material, this attack was premised upon the unwritten policy of the C.C.D.O.C.

52. That at all times material, Defendants had a reckless disregard for the safety of plaintiff while working under color of state law.

53. On or about August 10, 2004, and at all times material, Plaintiff was called to a disciplinary board hearing to answer a report was filed by Defendant Reed.

54. That on August 10, 2004, the allegations by Defendant Reed in the report were fabricated and contained false and misleading statements.

55. That on August 10, 2004, the report was never served on Plaintiff as mandated by C.C.D.O.C. disciplinary procedures.

56. Defendant, Timothy Reed wrote and fabricated the report while acting in his individual and official capacity and acting under color of state law.

57. The report was initiated pursuant to the aforementioned unwritten policy and its overall purpose to place plaintiff in segregation and maliciously punish plaintiff for reporting gross misconduct and abuse by Defendant Timothy Reed.

58. As at result of the report, plaintiff was given adverse treatment and five days in segregation without calling any of plaintiff's witnesses.

59. That this complaint is filed after a state tort claim for the initiation of constitutional violations by the C.C.D.O.C. for widespread misconduct, excessive force, falsifying reports, wide spread customs which causes the rights of plaintiff to be violated by aforementioned defendants.

60. Attached hereto and made a part of as Exhibit A, Plaintiff's original Complaint at Law.

## STATEMENT OF CLAIM(S)

### COUNT I

(1983 Assault and Battery – County of Cook; Michael Shaehan; Callie Baird; Scott Kurtovich; Timothy Kaufman; Timothy Reed; and John Does I-VII)

61. The Plaintiff repeats and re-alleges fact paragraphs 1 through 59 of this Complaint as paragraphs 1 through 59 of Count I as though fully set forth herein.

62. The actions of the Defendant John Doe I on April 14, 2004, and Defendant Timothy Reed on August 1 and August 6, 2004, in grabbing, slamming and like conduct violated Plaintiff's rights under the Eighth Amendment of the United States Constitution and thus violated 42 USC § 1983.

63. The actions of Defendants were the direct and proximate cause of Plaintiff's Eighth Amendment rights, his injuries, his mental distress, anguish and humiliation.

64. As a direct and proximate result of the unlawful assault and batteries inflicted upon the Plaintiff, Plaintiff has suffered injuries of a personal and pecuniary interest.

65. At all times material Defendants knew or should have known that their actions were violative of rights guaranteed to the Plaintiff.

66. Defendant, County of Cook, by and through their officers and agents, have failed to investigate, discipline, reprimand, or instruct their officers in anyway for and because of malicious and unconstitutional actions of their officer, thus evincing a policy, practice and custom of encouraging and condoning such acts.

67. The Defendants actions were intentional and malicious and showed willful and wanton disregard for the rights of the plaintiff.

68. The actions of the Defendants were done under the color of state law.

WHEREFORE, Plaintiff, RODNEY M. PATTON demands judgment against each one of the Defendants in the excess of seventy-five thousand ($75,000.00) dollars and other such relief as this Honorable Court deems just and proper under the circumstances.

### COUNT II

(1983 Practice and Policy – County of Cook; Michael Sheahan; Callie Baird; Scott Kurtovich; Timothy Kaufman; Timothy Reed; and John Does I-VII)

61. The Plaintiff repeats and re-alleges fact paragraphs 1 through 59 of this Complaint as paragraphs 1 through 59 of Count II as though fully set forth herein.

62. That the misconduct described in this count was undertaken pursuant to the policy and practice of the Cook County Department of Corrections:

a.  As a matter of both policy and practice, the C.C.D.O.C. fails to adequately train, supervise and control its officers, such that it failure to do so manifests deliberate indifference.;

b.  As a matter of both policy and practice, C.C.D.O.C. facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Cook County officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff

c.  Generally, as a matter of widespread practice so prevalent as to compromise municipal policy, officers of C.C.D.O.C. abuse prisoners in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet Cook County makes findings of wrongdoing in a disproportional small number of cases.

d.  Policy makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the C.C.D.O.C. by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e.  The C.C.D.O.C. has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

63. As a result of the above described wrongful infringement of Plaintiff's Constitutional rights, Plaintiff has suffered personal and pecuniary injuries, including but not limited to substantial physical injuries, mental stress and anguish.

WHEREFORE, Plaintiff, RODNEY M. PATTON demands judgment against each one of the Defendants in the excess of seventy-five thousand ($75,000.00) dollars and other such relief as this Honorable Court deems just and proper under the circumstances.

## COUNT III

(1983 Failure to Provide Medical Care – County of Cook; Michael Sheahan; Callie Baird; Scott Kurtovich; Timothy Kaufman; Timothy Reed; and John Does I-VII)

61. The Plaintiff repeats and re-alleges fact paragraphs 1 through 59 of this Complaint as paragraphs 1 through 59 of Count III as though fully set forth herein.

62. That at all times material, Defendants had a duty to provide medical care to Plaintiff.

63. That at all times material, Defendants refused to provide medical care to Plaintiff.

64. The Defendants by failing to treat Plaintiff and/or allow for medical examination of his person after the physical attacks committed upon him violated his Constitutional rights guaranteed to him.

65. Plaintiff was deprived of his constitutional rights in violation of the Eighth Amendment to the United States Constitution due to failure to allow Plaintiff to receive medical attention after physical attacks.

66. That as a direct and proximate result refusal of medical care by Defendants, Plaintiff has sustained injuries of a personal and pecuniary nature, including but not limited to physical injury, and mental stress and anguish.

67. The actions of the Defendants were done willful, wantonly and with a reckless disregard to plaintiff.

68. The actions of the Defendants were done under the color of state law.

WHEREFORE, Plaintiff, RODNEY M. PATTON demands judgment against each one of the Defendants in the excess of seventy-five thousand ($75,000.00) dollars and other such relief as this Honorable Court deems just and proper under the circumstances.


## COUNT IV
(1983 Failure to Train, Supervise and Discipline – County of Cook; Michael Sheahan; Callie Baird; Scott Kurtovich; Timothy Kaufman; Timothy Reed; and John Does I-VII)

61. The Plaintiff repeats and re-alleges fact paragraphs 1 through 59 of this Complaint as paragraphs 1 through 59 of Count IV as though fully set forth herein.

62. Defendants C.C.D.O.C. and or Cook County following their normal practice and procedure, failed to train, supervise, and discipline officers from committing the unwarranted assault and batteries upon plaintiff, and/or allowing such activities to occur against detainees and/or inmates such as Plaintiff.

63. The Defendants failure to train, supervise or discipline its officers amounted to deliberate indifference to the rights of plaintiff and other prisoners whom correctional officers come into contact.

64. Plaintiff was deprived of his constitutional rights in violation of the Eighth Amendment to the United States Constitution due to failure to train, supervise and discipline.

65. The actions of the Defendants were done willful, wantonly and with a reckless disregard to plaintiff.

66. The actions of the Defendants were done under the color of state law.

WHEREFORE, Plaintiff, RODNEY M. PATTON demands judgment against each one of the Defendants in the excess of seventy-five thousand ($75,000.00) dollars and other such relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V
(1983 Duty to Intercede – County of Cook; Michael Shaehan; Callie Baird; Scott Kurtovich; Timothy Kaufman; Timothy Reed; and John Does I-VII)

61. The Plaintiff repeats and re-alleges fact paragraphs 1 through 59 of this Complaint as paragraphs 1 through 59 of Count V as though fully set forth herein.

62. The Defendants, John Does II-VII and Defendants (Officers Fulson, Gilmore, Phillips, and Jrochowski to be named) had a duty to intercede when Plaintiff was being assaulted and/or battered.

63. The Defendants, John Does II-VII and Defendants (Officers Fulson, Gilmore, Phillips, and Jrochowski to be named) by failing to intercede physical attacks on Plaintiff and/or allow for attacks to continue and/or participate in attacks violated his Constitutional rights guaranteed to him under the Eight Amendment.

64. Plaintiff was deprived of his constitutional rights in violation of the Eighth Amendment to the United States Constitution due to failure to intercede officers assaulting and/or battering Plaintiff.

65. That as a direct and proximate result of failing to intercede by Defendants, Plaintiff has sustained injuries of a personal and pecuniary nature, including but not limited to physical injury, and mental stress and anguish.

66. The actions of the Defendants were done willful, wantonly and with a reckless disregard to plaintiff.

67. The actions of the Defendants were done under the color of state law.

WHEREFORE, Plaintiff, RODNEY M. PATTON demands judgment against each one of the Defendants in the excess of seventy-five thousand ($75,000.00) dollars and other such relief as this Honorable Court deems just and proper under the circumstances.


## COUNT VI
(Intentional Infliction of Emotional Distress - State Law Claim – County of Cook; Michael Sheahan; Callie Baird; Scott Kurtovich; Timothy Kaufman; Timothy Reed; and John Does I-VII)

61. The Plaintiff repeats and re-alleges fact paragraphs 1 through 59 of this Complaint as paragraphs 1 through 59 of Count VI as though fully set forth herein.

62. The actions of the Defendants were extreme and outrageous, were done intentionally, willful and wantonly, and/or knowing there was a high probability that their conduct would cause plaintiff's severe emotional distress.

63. As a direct and proximate cause of the Defendants' extreme and outrageous conduct, Plaintiff suffered injury and severe emotional distress.

64. The actions of the Defendants were done willful, wantonly and with a reckless disregard to plaintiff.

65. The actions of the Defendants were done under the color of state law.

WHEREFORE, Plaintiff, RODNEY M. PATTON demands judgment against each one of the Defendants in the excess of seventy-five thousand ($75,000.00) dollars and other such relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VII
(Assault and Battery - State Law Claim – County of Cook; Michael Shaehan; Callie Baird; Scott Kurtovich; Timothy Kaufman; Timothy Reed; and John Does I-VII)

61. The Plaintiff repeats and re-alleges fact paragraphs 1 through 59 of this Complaint as paragraphs 1 through 59 of Count IV as though fully set forth herein.

62. The actions of the Defendant John Doe I on April 14, 2004, and Defendant Timothy Reed on August 1 and August 6, 2004, in grabbing, slamming and like conduct were affirmative acts intended to cause an unpermitted contact of an offensive or harmful nature and to which Plaintiff did not consent..

63. The actions of Defendants were the direct and proximate cause of Plaintiff's injuries, his mental distress, anguish and humiliation.

64. As a direct and proximate result of the unlawful assault and batteries inflicted upon the Plaintiff, Plaintiff has suffered injuries of a personal and pecuniary interest.

65. Defendant, County of Cook, by and through their officers and agents, have failed to investigate, discipline, reprimand, or instruct their officers in anyway for and because of malicious and unconstitutional actions of their officer, thus evincing a policy, practice and custom of encouraging and condoning such acts.

66. The acts, conduct, and behavior by Defendants were performed knowingly, intentionally, maliciously and with a reckless disregard for the plaintiff's rights and safety, by reason of which plaintiff are entitled to compensation.

67. The Defendants actions were intentional and malicious and showed willful and wanton disregard for the rights of the plaintiff.

WHEREFORE, Plaintiff, RODNEY M. PATTON demands judgment against each one of the Defendants in the excess of seventy-five thousand ($75,000.00) dollars and other such relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VIII
(Respondeat Superior – State Law claim – County of Cook; Michael Sheahan; Callie Baird; Scott Kurtovich; Timothy Kaufman; Timothy Reed; and John Does I-VII)

61. The Plaintiff repeats and re-alleges fact paragraphs 1 through 59 of this Complaint as paragraphs 1 through 59 of Count VII as though fully set forth herein.

62. The aforementioned acts of the Defendants Michael Sheahan, Callie Baird, Scott Kurtovich, Timothy Kaufman, Timothy Reed, John Does I-VII and Officers Fulson, Gilmore, Phillips, and Jrochowski, in the scope and course of their employment as employees and/or agents of the County of Cook and the C.C.D.O.C., were willful and wanton, and therefore, the County of Cook and the C.C.D.O.C. as principals are liable for the actions of its agents and/or employees.

WHEREFORE, Plaintiff, RODNEY M. PATTON demands judgment against each one of the Defendants in the excess of seventy-five thousand ($75,000.00) dollars and other such relief as this Honorable Court deems just and proper under the circumstances.

Respectfully Submitted,

Cassiday, Schade & Gloor, LLP

By: _____
Attorney(s) for Plaintiff

David C. Van Dyke
Patrick E. Halliday
Cassiday, Schade & Gloor, LLP
20 N. Wacker Dr., Suite 1040
Chicago, IL 60606
(312) 641-3100
ARDC #: 6204705

A

**RECEIVED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 1 7 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RODNEY M. PATTON

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

# 04C 7445

vs.

Case No: _____
(To be supplied by the Clerk of this Court)

COUNTY OF COOK

MICHAEL F. SHEAHAN, SHERIFF OF COOK COUNTY

CALLIE BAIRD, EXECUTIVE DIRECTOR OF C.C.D.O.C.

SCOTT KURTOVICH, ASST. EXEC. DIRECTOR OF C.C.D.O.C.

TIMOTHY KAUFMANN, CHIEF INTERNAL AFFAIRS

SHERIFF OFFICER TIMOTHY REED #7793
(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**JUDGE SHADUR**

**MAGISTRATE JUDGE NOLAN**

**DOCKETED**

NOV 1 8 2004

JURY DEMANDED

CHECK ONE ONLY:

XXX      COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____      COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331(a) U.S. Code (federal defendants)

_____      OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

Revised 4/01

1

*Exhibit A*

**I.**   **Plaintiff(s):**

A.   Name: _Rodney M. Patton_

B.   List all aliases: _____

C.   Prisoner identification number: _#200400298SS_

D.   Place of present confinement: _Cook County Department of Corrections_

E.   Address: _P.O. Box 089002 — Chicago, Il 60608_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

**II.**   **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.   Defendant: _County of Cook_

Title: _Cook County_

Place of Employment: _118 North Clark — Chicago, Il 60602_

B.   Defendant: _Michael F. Sheahan_

Title: _Sheriff of Cook County_

Place of Employment: _2700 S. California — Chicago, Il 60608_

C.   Defendant: _Callie Baird_

Title: _Executive Director of C.C.D.O.C._

Place of Employment: _2700 S. California — Chicago, Il 60608_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.) _Defendant's continue on next page_

II. Defendant's:

Defendant: Scott Kurtovich
Title: Asst. Exec. Director of C.C.D.O.C.
Place of employment: 2700 S. California — Chicago, Il 60608

Defendant: Timothy Kaufmann
Title: Chief of Internal Affairs
Place of employment: 2700 S. California — Chicago, Il 60608

Defendant: Timothy Reed #7793
Title: Cook County sheriff Correctional officer
Place of Employment: 2700 s. California — Chicago, Il 60608

Defendant's Fulson, Gilmore, Phillips, and Trochowski will be added when C.C.D.O.C. releases the full name and Badge Numbers.

3

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

      YES (X)  NO ( )   If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

      YES (X)  NO ( )

C.    If your answer is **YES**:

    1.    What steps did you take?

    I filed grievance on each issue present in complaint.

    2.    What was the result?

    Unsatisfactory to plaintiff, because of the nature of the assault.

    3.    If the grievance was not resolved to your satisfaction, did you appeal? YES

    What was the result (if there was no procedure for appeal, so state.)

    Same, which caused the plaintiff to file civil action against the defendants.

D.    If your answer is **NO**, explain why not:

E.    Is the grievance procedure now completed?   YES (x)  NO ( )

F.    If there is no grievance procedure in the institution, did you complain to
      authorities?  YES (X)  NO ( )

G.    If your answer is YES:

      1.    What steps did you take?

      I wrote the office of professinoal regulations. and filed a civil complaint

      for state tort in the Circuit Court of Cook County. under case number

      04 L 010163

      2.    What was the result?
      No reply from the office of professional regulations,

      State Civil complaint is pending before the Honorable Judge Coleman

H.    If your answer is NO, explain why not:

**IV.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: _Patton -Vs-KANE Co. 03C3993_

B. Approximate date of filing lawsuit: _Unknown_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _RODNEY PATTON_

D. List all defendants: _Nurse Cadezra_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Northern District_

F. Name of judge to whom case was assigned: _Shadur_

G. Basic claim made: _Civil Rights_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Dismiss_

H. Approximate date of disposition: _Unknown_

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

**IV.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: _____ 03 C 2002 _____

_____

B. Approximate date of filing lawsuit: _____ 2003 _____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

D. List all defendants: _____ Kane County D.O.C. _____

_____

_____

_____

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____ Northern District _____

F. Name of judge to whom case was assigned: _____ Judge Shadur _____

_____

G. Basic claim made: _____ Civil Rights· _____

_____

_____

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____
_____ DISMISSed _____

_____

H. Approximate date of disposition: _____ UnKnOWN/2003 _____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

IV.  List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A.  Name of case and docket number: _Rodney M. Patton v. City of Chicago_ _04 C 3933_

B.  Approximate date of filing lawsuit: _June 9, 2004_

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_Rodney Patton_

D.  List all defendants: _City of Chicago, Chicago police officer's Herbert Betancourt, and Kevin Fron_

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Northern District_

F.  Name of judge to whom case was assigned: _Honorable Gettleman_

G.  Basic claim made: _Civil Rights_

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Pending_

H.  Approximate date of disposition: _Unknown_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

**V. Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. That on the date of April 14, 2004, while In the custody of The Cook County sheriffs, Court Intake baliffs, John Does 1 through 7, while waiting to be called for a court appearence via — close circuit T.V. In the basement under the Cook County Court House, said sheriff baliff's (1-7) were conducting a routine search of detainee's before court. Before or After the time of 9:00am, I Rodney M. Patton, was ordered out of the bullpen holding along with other detainee's, and told to face wall, because of the very Abrupt and Unwarranted use of degrading words, and threats I became Nervous and looked to the side, and In back of me to determine what was going on. When all of a sudden I Rodney Patton, was without cause physically Attacked by sheriff Intake baliff (4) from behind. John Doe (4) grab me by the back of my Neck and forced slam my head Into the wall several times, causing me a direct Injury, In which resulted In me being semi-blacked out. Sheriff Intake baliff's (2-7) stood by and said Nothing to stop Attack on my persons.

Cook County sheriff baliff's (1-7) committed verbal Abuse After sheriff Intake baliff (4) Attack me. The Attack was premised on a unwritten policy and custom design to place fear and harm Upon the Individuals detainee's entering the C.C.D.O.C. facility. I was randomly targeted for the Unwarranted and unprovoked

9

Attack, And Sheriff baliff's (2-7) performing routine intake duties, Neither stop, or tried to compel Sheriff baliff (1) from malicious gross misconduct. Sheriff baliff's (2-7) instead joined in the highly Negative treatment "verbal", And yelled at other's stating "Anyone else who can't pay attention, would be given the same violent brute force, And physical ass kicking". I was forced by all of the present sheriff baliff's to remain against the wall, even though I was hurt and injured, and needed medical care. Sheriff baliff's, (1-7) all working under authority of state law, while in their individual, And in their offical capacities as Sheriff's of Cook County, unreasonably and unjustifiably assulted me without cause, which resulted in me being physically and Mentally injured. Said violent acts has resulted in me being placed on medication for the direct injury, and the extreme emotional, psychological trauma due to the cruel and very unusual punishment inflicted upon my person, said sheriff baliff (1) used unjustified, And unreasonable excessive force against my person. Sheriff baliff's (2-7) condoned said acts, by standing idle and then trying to provoke other individuals into undue confrontation by verbally abusing us with gross, and very degrading epithet's.

Sheriff baliff's (1-7) deliberately, and with a wreckless disregard for my personal safety and well being, And with a deliberate indifference to my needing medical attention, and care have committed a gross act of offical misconduct against me. This treatment was premised pursuant to, and occurred as a result of an offical and non-offical written policy and general custom implemented and duly enforced by the Sheriff, Directors, And supervising staff of the Cook County Department of Corrections.

4, Cook County Sheriff, Michael F. Sheahan, and his underlying staff, the Directors of the Cook County Jail. Director Callie Baird, and Assistant Director Scott Kurtovich, and Director of Court Security have implemented, condoned, and enforced their sheriff employes's to use any and all necessary means to control physically and psychologically all detaines's whom comes into the custody of the Cook County Sheriff. Said customs of enforcing upon detaines (myself) physical assaults which results in injuries and verbally degrading detaines's has been a deliberate and intentionally created policy, and said Executive Directors, and supervisor staff acting in their individual and offical capacity's while working under the color of State law, have arbitrarily permitted the use of violence by it's Sheriff police, deputies, baliffs, and jail correctional officer's. Said Acts have denied me of my federal rights to be confined in a safe environment.

Other violations of my rights were committed after the physical assault. I was denied prompt emergency medical care upon intake of the jail, and was denied follow up medical attention for my underlying physical and mental injury inflicted upon me. Said inactions have been the direct customs of officals in order to preclude, impede, and delay civel action, and criminal action against the sheriff's staff. Said acting officals have been given direct knowledge of the assault, due to the fact that I reported same to Cook county officals Internal Affair Division, whom have also failed to act, and or forward grievance to court services, which is a directive given by the Sheriff, Director, Asst Director, and the C.C.D.O.C. Board. * Note: grievance 2004 X 0451, 2004 X 0515, and Report of the Committee on finance "dated, and attached to complaint.

11

6. Timothy Kaufmann, Chief of the Internal Affairs Division has deliberately refused to forward grievance to I.A.D. of Court Services since there is two Internal Affairs Divisions, (1) County Jail, (2) Court House, (Note: grievance 2004 X 0451, and 2004 X 0515) which is in violation of new implemented directives, and policy's regarding inmate abuse from sheriff officers, and Deputies (Note: Report of the Committee on Finance transcript) Sheriff Michael F. Sheahan, and his underlying staff have deliberately failed to enforce new rules, and directives that were put in place by County Board, and Sheriff Department. All while acting under Color of State, and federal law willfully and with knowledge of the abuse, and knowledge of the failure to properly investigate has authorized said action, and inaction. Callee Baird, Director, and Scott Kurtovich, Asst. Director, have also had knowledge of my complaint, as they are bound by their duties to oversee the everyday operations of the Jail, and its annex facilities. Said grievances have been unfairly shoved aside, and not forwarded. Said is premised on the wide-spread customs of the sheriff, sheriff officials, with final ~~policy~~ decision policy making authority. Said Jail Administrators, supervisors, and Security personnel have fail to review courthouse video's, which would reveal said misconduct, and violent assaults. Said physical assault which occured on the date of April 14, 2004, was committed in an area with camera's, yet no report of such incident has been documented, nor has there been any response why. Said Chief of Internal Affairs "Timothy Kaufmann", has failed to properly investigate, or forward grievance complaint regarding abuse. Said Chief of I.A.D., and the grievance appeals board has not allowed the Plaintiff any knowledge of Defendant's John Does, sheriff bailiff's (1-7), which is in violation of my constitutional rights to due process.

12

7. Misconduct, And Abusive gross physical, And psychological Assault has been lodged against my person by Sheriff officer Timothy Reed #7793. On August 1, 2004, S/o Reed #7793 was assign to Unit 2-M In Devision 5, while performing duties of letting detainee's out of their cells, After the 3:00pm count cleared, came to my cell upper 11, And stated to me "To put some pep into my step, And to come out cell", At The time of his opening the cell door, I was still asleep. I was not aware of the time, nor that Sheriff officer Reed, was in A hurry. I only commented that "I was just A waken, And that I needed A minute to get ready", He Then slammed the door, with me still inside the cell, And continued on letting other men/detainee's out of their cells. Sheriff officer Reed, stated "How he was not going to be waiting on Anyone's ass to be ready, And how we as inmates had to wait for the T.V., And showers to be turned on." Sheriff officer Reed, returned to let me out, yet he specifically tried to humilate me And to provoke, And strike fear into me for my earlier comment About needing time to get ready.

8. Sheriff officer Reed #7793, while working in his official And Individual capacity under the color of law (state law) threaten me with harm, constantly while walking off the deck. Sheriff officer Reed, talk down to me in order to provoke, And humilate me into A physical confrontation, After S/o Reed made A comment About Kicking my ass. I stated that no one was going to touch me. I was then taken out in the hall and verbally abused by officer Reed. While standing directly in my face taunting me to talk back now, which I took to be A threat, After such incident

While in the company of Sheriff officer Fulson, and Gilmore, whom were called for non-legitimate Sheriff business only to asset officer Reed in holding up to his comment of harming me. Which I then took as a threat. I was with degrading words told to go back into the tear. A week later, which was August 6, 2004, I Rodney M. Patton, was pulled out of the line of detainee's coming from recreation, and physically assaulted by Sheriff officer Reed, in that he constantly poked me with force against my face, with his finger to provoke me to react violently. I stated to S/o Reed, that big brother has him now (hall camera). Sheriff officer Reed stop his attack, and searched me, after which he told me to return to my wing, as I attempted to leave Sheriff officer Reed then violently rab me from behind and slammed me against the wall, directly causing me another injury, all of which was done in front of Sheriff officer Phillips, and JRochowski, whom under he Secret code of silence, never stopped, nor intervened to stop officer Reed from abusing me. Sheriff officer Reed now Aware of his misconduct tried to keep me stationed outside the presence of the hall camera, in order for said Physical Abuse to not be recorded, and said event should have been recorded, and captured since Division 5 is the Administration Building for the Cook County Department of Corrections. Said sheriff of Cook county has employed staff whom have inflicted both mental and physical injuries upon me. said staff has with a deliberate indifference to my rights have made malicious verbal statements to me which imply that I would be harmed if I try to report such actions, or not let said rest.

14

Because of the failure of Internal Affairs to remedy my past complaint, and this grievance, my rights in the jail are not protected nor given a proper inquirey, I now seek civil action for the constitutional ~~rights~~ violation of my rights committed by the Cook County Sheriff Department.

9. On August 10, 2004 I was called to a disciplinary hearing Board to answer to a disciplinary report that said C/o Reed, wrote on me, and said allegations written in said report were thus fabricated and contained false and misleading statements, and said report was NEVER served on me personally as is mandated pursuant to C.C.D.O.C. disciplinary procedures. (Note: report dated August 6, 2004, grievance #2004 X 0939, and 2004 X 0988)

0. Sheriff officer Reed, fabricated said report and wrote false statements while acting in his individual, and offical capacity as a Sheriff of Cook County, Sheriff Correctional officer, and acting Also under Color of State law. Said report was instituted pursuant to a Sheriff of Cook County Department of Corrections unwritten Policy and customs, and its overall purpose is to place a detainee in segregation, and maliciously punishing me for my reporting gross misconduct and abuse by officer Reed. Said improper act of placing false violations against me, resulted in me being given adverse treatment, and five days in segregation without call'ing Any of my witnesses. (Note: report 2004 x 0988)

That this complaint is filed after a state tort claim for the initiation of constitutional violation by the Cook County Department of Corrections, for the wide-spread misconduct, abuse, excessive force, falsifying of reports, wide-spread customs, and the express municipal policy, which cause the rights of the plaintiff to be violated by the Sheriff and his underlying staff.

12. That Plaintiff has requested the NAMES AND BADGE NUMbers of sheriff officer's Fulson, Gilmore, Phillips, And Jrochowski from Chief Timothy Kaufmann of Internal Affairs, NAMES And Badge Numbers that the Plaintiff was entitled to have upon request. The Above NAMED defendant's while working in their officeal And individual capacity stood by And watch as sheriff officer Reed CAUSE verbal, And physical Abuse upon my Person. Which was premised upon the unwritten policy of the Cook County Department of Corrections. The defendant's had A deliberate indifference for my safety, while working under the color of law, (State And federal). Note grievance 2004 X 1234

16

## VI.    Relief:

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

PLAINTIFF IS ASKING THAT HE BE AWARDED UPON A VERDICT OF GUILTY THE SUM OF

5 MILLION IN COMPENSATORY DAMAGES, AND THAT THE JURY DECIDE THE PUNITIVE DAMAGES,

FOR THE VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS BY THE COOK COUNTY

SHERIFF DEPARTMENT, All court cost

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information
and belief.  I understand that if this certification is not correct,
I may be subject to sanctions by the Court.

Signed this ___9th___ day of __Nov__ , 2004

_____
(Signature of plaintiff or plaintiffs)

RODNEY M. PATTON
(Print name)

#20040029855
(I.D. Number)

P.O. BOX 089002

CHICAGO, ILLINOIS 60608
(Address)

EMERGENCY
MEDICAL
GRIEVANCE

Part-A / Control #: _2004 X 0451_

Referred To: _Clausk_

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: _Patton_          First Name: _Rodney_

ID #: _2004_ - _0029855_   Div.: _5_   Living Unit: _2M_   Date: _04 /22 /04_

BRIEF SUMMARY OF THE COMPLAINT: _On 4-14-04 I was in holding_
_cell #3, awaiting bond rmt. I was told to. Along with_
_another person to place my head on the wall. I was_
_then grab by an officer by the neck and push into the_
_wall twice. As a result of this my neck has been hurting_
_since the 15th. I have put in request after request_
_with out any result from staff, or Medical_

_5 35 04_

_That war is still hurting, which is now,_
_affecting my talk and the way I talk and sit._ _and that this_

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
_That a investigation be did by Internal Affairs + and be given_
ACTION THAT YOU ARE REQUESTING:
_Medical treatment A.S.A.P._

### DETAINEE SIGNATURE: _Rodney Patton_

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: _____

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.*
*All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Exhibit (A)

EXHIBIT (A)

Part – B / Control #: 2004 X 0451

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

e's Last Name: Patton    First Name: Rodey    ID#: 2004-1029855

Grievance An Emergency?    YES ☐    NO ☑

'S Summary Of The Complaint: Detainee need to See - Doctor for back pain.

Referred Griev. To: Cermak    Date Referred: 4 / 23 / 04

Statement: According to the C.M.T. Supervision Mr. Patton ___ on 4/23/04. This also needs to be Referred ___

___ Date: 5 / 5 / 04    Div./Dept. LM
'individual responding to this griev.)    (signature of individual responding to this griev.)

___ Date: 5 / 7 / 04    Div./Dept. 5
'Supt. (Designee / Dept. Admin.)    (signature of Supt. / Designee / Dept. Admin.)

J Mueller    Date: 5 / 7 / 04
Prog. Serv. Admin./ Asst. Admin.)    (signature of Prog. Serv. Admin./ Asst. Admin.)

ee Received Response: 5 / 11 / 04    Detainee Signature: Rodey Patton

Part-A / Control # 2004 X 0515

Referred To: I. A. D

# COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: Patton, Rodney          First Name: Rodney

ID #: 2004 - 0029855    Div.: 5    Living Unit: 2H    Date: 5/11/04

BRIEF SUMMARY OF THE COMPLAINT: ON April 14, 04, I. WAS grab by AN officer. He told ME + others to place there Head on wall this officer then grab ME twice by the neck And push my head into the wall. This happen before I.V. court This INCIdent happen in bullpen #3

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING:

INVestigation by INternal Affairs

DETAINEE SIGNATURE: Rodney Patton

C.R.W.'S SIGNATURE:                    DATE C.R.W. RECEIVED: 5/11/04

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Exhibit (B)

Part – B. Control #: _____ X _____

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: _____ First Name: _____ ID#: _____

Is This Grievance An Emergency? ( ) YES ☐    NO ☒

C.R.W.'S Summary Of The Complaint: _____

_____

C.R.W. Referred Griev. To: __I A D__    Date Referred: 5 / 11 / 04

Response Statement: R/I spoke to detainee Patton Rodney 2004-0029355 on 06 June 04 this

Incident taken place in the Criminal Court Building.

_____

INV. Kimbrough — _____ Date: 6 / 9 / 04 Div./Dept. I A D
(print - name of individual responding to this griev.)    (signature of individual responding to this griev.)

Chef Fults — _____ Date: 6 / 16 / 04 Div./Dept. 5
(print - name of Supt. / Designee / Dept. Admin.)    (signature of Supt. / Designee / Dept. Admin.)

John J Mueller — _____ Date: 6 / 16 / 04
(print - name of Prog. Serv. Admin./ Asst. Admin.)    (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: 6 / 17 / 04    Detainee Signature: Rodney Patton

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: 06 / 17 / 04

Detainee's Basis For An Appeal: EVEN IF INCIDENT took PlACE IN CRIMINAl
Court Building, INMATE PATTON Address this IN-GRIEVANCE
IT's THEREFORE as AN I.A.D AffAIR thAt NEEd to be AddRESSEd

Appeal Board's Acceptance Of Detainee's Request:    YES ☑    NO ☐

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:
Refer back t. Chief Investigator for consideration in
Filing with Court Services or IG-'s Office.
No Follow up with Appeal Panel needed.

Appeal Board's Signatures / Dates:
_____ 6/28/04 _____ 6-29-04 _____ 6-29-04

Date Detainee Rec.'d the Appl. Bd.'s Response: 7 /08/ 04 Detainee Signature: Rodney Patton

GRIEVANCE CODE(S): (____) (____) (____) (____)

(WHITE COPY – PROG. SERV.)  (YELLOW COPY – C.R.W.)  (PINK COPY – DETAINEE)  (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Exhibit (B)

Office of Professional Regulations

To Whom it may concern:

I am writing, and requesting, immediate, and a thourough investigation into the operations of the Cook County Sheriffs internal Affairs Unit.

On May 11, 04, I wrote a grievance, concerning an assault by sheriffs officers, while waiting for bond call. I was attack from behind, by officers of Cook county Dept. of Corrections without any provocation.

All Attempts at utilizing the grievance procedure in this instatution has went for null, it seems there's a reluctancy by Cook County internal Affairs to investigate vigorously, Allegations against it's officers.

I sustained as a result to this attack injuries to include severe neck + back, and spinal damage.

I fear, that a lack of medical treatment Appropriate to my injuries could lead me to permanent paralysis.

Your, prompt and Proffessional Attention is greatly appreciated and urgently needed. (Thank you)

Rodney M. Patton #20040029855
P.O. Box 089002
Chicago, IL 60608

Exhibit (C.)

2M-UY

Exhibit D

**COOK COUNTY DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT AND FINDINGS OF FACT**

IR/KB L4

04POPA01DS

Please Print Information

| SECTION I   DISCIPLINE REPORT | Division: II | Date of Infraction: 08 / 06 / 04 |
|---|---|---|

| Detainee's Name: Patton, Rodney | ID# 20040029855 | Date of Birth: 01 / 20 / 69 |
|---|---|---|

| Detainee's Living Unit: 2M | Place of Incident: 2nd Floor Hallway | Time: 16 : 30 HRS |
|---|---|---|

| ☒ Category I | ☒ Category II | ☒ Category III | ☐ Category IV | ☐ Category V | ☐ Category VI |
|---|---|---|---|---|---|

Description of Charge(s) & Code(s): –110  Verbally disrespecting staff ; 201 use of obscene
language to staff – 305 Disobeying verball orders

| Detainee Injuries: ☐ Yes ☒ No | Medical Attention: ☐ Yes ☒ No | Name(s):  DN9 |
|---|---|---|
| Staff Injuries: ☐ Yes ☒ No | Medical Attention: ☐ Yes ☒ No | Name(s):  DN9 |

| Victim Report: ☐ Yes ☒ No | Reported to Internal Investigations: ☐ Yes ☒ No |
|---|---|

Material Confiscated /Evidence Bag # (attach photocopy of evidence):
DN9

Description of Incident:
On the above date and time, R/O stated to detainee Patton, Rodney #20040029855 that there is No talking during movement in the hallway Detainee Patton said, " Yeah, whatever Bro!" " I ain't got time for your bullshit!" Detainee continue to talk in the hallway and said, "This mother fucker is going to make me tell the superintendent on him and then call my lawyer!"  end of report

| Disciplinary Report Delivered to Detainee By (Name and Star #): M'Ginn 7260 | Date and Time Delivered: 8 16 /04 20 : 05 HRS |
|---|---|

Detainee's Signature: REFUSED

| Reporting Employee / Signature & Star #: Reed #7793 | CCDOC Personnel Who Witnessed Infraction: |
|---|---|
| Reviewing Supervisor / Signature & Star #: SGT. Latham #147 | Name and Star (printed): SGT. Latham #147 |
| Superintendent or designee's Signature: Lt M 93 | Name and Star (printed): Lt Mundt 93 |

**SECTION II   DISPOSITION BY DISCIPLINARY HEARING BOARD** | Date of Hearing: 8/10/04

Detainee Requested Witnesses ☐ Yes ☒ No | Waive 24 Hr. Notice ☐ Yes ☐ No | Representative/Interpreter ☐ Yes ☐ No

Detainee Witness: _____ Living Unit: _____ Detainee Witness: _____ Living Unit: 6P

Detainee's Plea to Charge ☐ Guilty As Charged ☒ Not Guilty | Detainee Status While Awaiting Hearing: 6P

Detainee's Statement Regarding Infraction: (Use Continuation Sheet If Necessary)

I *was assaulted by Officer Reed.*
*in the hallway. I never at any point*
*make the above statement.*

DETAINEE SIGNATURE:
X *Rodney Patterson*

Testimony of Witnesses: (Use Continuation Sheet If Necessary)

**IT IS THE FINDING OF THE DISCIPLINARY HEARING BOARD THAT:   ("X" APPLICABLE BOX)**

☐ GUILTY AS CHARGED | ☐ NOT GUILTY | ☐ INVALID REPORT | ☐ 72 HOURS EXPIRED | ☐ 7 DAY EXPIRED

Disciplinary Hearing Board's Finding is Based On The Following Information:

☐ DETAINEE REPLY/DISCIPLINARY REPORT        ☐ OTHER          05 Days

Disciplinary Hearing Board Recommends The Following Action:

Start Date of Action 8/10/04 | End Date 8/15/04

Disciplinary Hearing Board Member Signature/Title/Date
8/10/04

Disciplinary Hearing Board Member Signature/Title/Date
Lt. M Day #46

Disciplinary Hearing Board Member Signature/Title/Date
N Dixon 698  08/10/04

If found guilty of disciplinary charges, you may appeal to the divisional Superintendent.
The Superintendent will render a decision in writing within five (5) working days of receiving the appeal.

White - Disciplinary Hearing Board's Copy          Yellow - Superintendent/Divisional File Copy
Pink - Detainee's Copy After Hearing               Goldenrod - Detainee's Copy Prior to Hearing (notification of Charge(s))

Exhibit (D)                          ADJ OD → 8/18/04

refer to
I.A.D.

Part-  Control # 2604  X 0939
Case: 1:04-cv-07445 Document #: 26 Filed: 02/16/05 Page 41 of 57 PageID #:219
Referred To:  I.A.D.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: _PATTON_          First Name: _Rodney_

ID #: _2004_ - _002985_    Div.: _5_   Living Unit: _2M_  Date: _08 / 06 / 04_

BRIEF SUMMARY OF THE COMPLAINT: ON Aug 6, 04, After returning
from rec. I was assaulted by sheriff officer Reed
in the hallway. This assault started in the turn
walking toward 2M. This sheriff officer repeatedly
hit me about my face and push my head into wall
There is video camera's to help my complaint.
This officer has violate my rights as a inmate
of Cook County Jail. Upon your review of this video
tape, you will see that at no time I provoke this
officer, other sheriff officer were present and did
nothing to stop the actions of this sheriff
behavior. They are as guilty as the assault itself.
I have witnesses that heard and seen this officer grab me
out of line. Incident took place at 4:55pm - 5:25pm

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
That investigation be made changes filed against All

ACTION THAT YOU ARE REQUESTING:
Involved. That I.A.D. take this matter serious

## DETAINEE SIGNATURE: _Rodney Patton_

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: __/__/__

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.
All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Exhibit (E)

Part – B / Control #: _Part X_____

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: _Patton_          First Name: _Rudney_          ID#: _2004 - 029835_

Is This Grievance An **Emergency?**     YES ☐          NO ☒

C.R.W.'S Summary Of The Complaint: _Detainee (Inm) Re was Struck by Smell_
_Abuse_

C.R.W. Referred Griev. To: _I.A.D_          Date Referred: _8 / 10 / 04_

Response Statement: _Refer to Division I Supt. for_
_inquiry - reports + memorandum_

IAD Inquiry Pending – Complaint Disposition and Detainee Notification Forth Coming

_Chad Kaufmann_ - _T Kaup_          Date: _9 / 1 / 04_ Div./Dept. _IAD_
(print- name of individual responding to this griev.) (signature of individual responding to this griev.)

_Chad Fitta_ - _CD 88_          Date: _9 / 9 / 04_ Div./Dept. _5_
(print - name of Supt. / Designee / Dept. Admin.) (signature of Supt. / Designee / Dept. Admin.)

_J. Mueller_ - _J Mueller_          Date: _9 / 2 / 04_
(print - name of Prog. Serv. Admin./ Asst. Admin.) (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: _9 / 20 / 04_ Detainee Signature: _Rodney Patton_

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: ____/____/____

Detainee's Basis For An Appeal: _____

Appeal Board's Acceptance Of Detainee's Request:     YES ☐          NO ☐

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:

Appeal Board's Signatures / Dates:

Date Detainee Rec.'d the Appl. Bd.'s Response: ____/____/____ Detainee Signature: _____

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Exhibit (E)

Part-A / Control #: 2004 **X** 0988

Referred To: Program Services

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: _Patton_      First Name: _Rodney_

ID #: _2004-0029855_ Div.: _9_ Living Unit: _1C_ Date: _8/18/04_

BRIEF SUMMARY OF THE COMPLAINT: _On August 10, 2004, my rights as a pre-tial Detainee was violated by Cook County Jail Disciplinary Board. I had to see the Disciplinary Board, because of a disciplinary report I received from Sheriff officer Reed #7793, I was charged with (110 verbally disrespecting staff, 201 use of obscene language to staff, and 305 disobeying verball orders). This Disciplinary Report written by Sheriff officer Reed #7793 was an attempt to cover his true actions on August 6, 2004. At the Disciplinary Hearing, I ask that I be given a continuous, so that witnesses could be called, and was told no because of the pending grievance I had on Sheriff officer Reed #7793 with I.A.D. The Hearing Board then ask me if I had a copy of the Disciplinary report since I refused to sign, I stated to him " I never was served with any Disciplinary report and if they look at the papers in front of them,_

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: _That all the above be investigated even Disciplinary Hearing cont →_

ACTION THAT YOU ARE REQUESTING: _Board. That I be cleared of this infraction. Moved back_

**DETAINEE SIGNATURE:** _Rodney Patton_

C.R.W.'S SIGNATURE: _R. BOWERS_      DATE C.R.W. RECEIVED: _08/19/04_

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

_Exhibit (F)_

Part-A / Control #: _____X_____

Referred To: _____

# COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: *Patton*　　　　First Name: *Rodney*

ID #: *2004-1009855*　Div.: *9*　Living Unit: *1C*　Date: *8/18/04*

BRIEF SUMMARY OF THE COMPLAINT: *They would see that all copies of the report was present. I further, stated that when ever sheriff officer #7264 was, didn't come or attempt to serve me with a copy of the Disciplinary report" Surveillance camera's are position in places that warrent investigation by I.A.D., and other departments when you have a issue as mine, where a pre-trial Detainee is asking, and requesting the help off the sheriff office to address the issue of sheriff abuse. I was given 5 days in segregation for a false report, that was written by sheriff officer Reed #7793, in a attempt to shift the actual events of August 6, 2004 when sheriff officer Reed #7793 put his hands on me unprovoke. This was a clean violation of my rights as a pre-trial Detainee, and therefore a full investigation should be did into the actual activity of sheriff officer Reed #7793, and*

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
*cont→*
*To Division 5 2M.*

ACTION THAT YOU ARE REQUESTING:
_____

**DETAINEE SIGNATURE:** *Rodney Patton*

C.R.W.'S SIGNATURE: _____　DATE C.R.W. RECEIVED: ____/____/____

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)　(YELLOW COPY – C.R.W.)　(PINK COPY – DETAINEE)　(GOLDENROD COPY – DIVISION/SUPT. OFFICE)

*Exhibit (F)*

Part-A / Control #: _____X_____

Referred To: _____

## COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: _Patton_ First Name: _Rodney_

ID #: _2004_ - _029255_ Div.: _9_ Living Unit: _1C_ Date: _9/18/04_

BRIEF SUMMARY OF THE COMPLAINT: officer #7264, so that this issue can
come to light. If you look close At the Disciplinary report, you
will see that officer Reed #7783, didn't have a CCDOC personnel
who witnessed this infraction on Aug 6, 2004, but if you look
At the video survsillance tape for Aug 6, 2004, you will see that
Sheriff officer Phillips, And sheriff Trochowski were present
when sheriff officer Reed #7783 did in fact Assault me on
August 6, 2004 in the Hallway leading to 2-M.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING:

**DETAINEE SIGNATURE:** _Rodney Patton_

C.R.W.'S SIGNATURE: _____ DATE C.R.W. RECEIVED: ___/___/___

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.
All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY - PROG. SERV.) (YELLOW COPY - C.R.W.) (PINK COPY - DETAINEE) (GOLDENROD COPY - DIVISION/SUPT. OFFICE)

Exhibit (F)

Part – B / Control #: 2004 X 0988

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: Patton          First Name: Rodney          ID#: 2004 - 0029855

Is This Grievance An Emergency?     YES ☐          NO ☒

C.R.W.'S Summary Of The Complaint:   detainee Patton alleges his right for a hearing continuance and to call for witness' was violated by the Discipl. hearing Brd.

C.R.W. Referred Griev. To: Program Services          Date Referred: 08 / 19 / 04

Response Statement: R/AA interviewed detainee Patton and the Disciplinary Hearing Board members. R/AA cannot find any evidence that a violation has occurred. Furthermore, detainee Patton reviewed and signed the report after the hearing interview portion was completed.

J. Mueller                        _____  Date: 08 / 20 / 04   Div./Dept. Prog. Serv.
(print- name of individual responding to this griev.)   (signature of individual responding to this griev.)

CAPT. BRATLIN          _____  Date: 8 / 31 / 04   Div./Dept. 1 X
(print - name of Supt. / Designee / Dept. Admin.)   (signature of Supt. / Designee / Dept. Admin.)

J. Carell          _____  Date: 8 / 25 / 04
(print - name of Prog. Serv. Admin./ Asst. Admin.)   (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: 8 / 15 / 04   Detainee Signature: _____

### REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: 8 / 31 / 04

Detainee's Basis For An Appeal: Detainee Patton Alleges issue an evidence and evidence was overlook, Detainee now ask that Enter department accept this Appeal

Appeal Board's Acceptance Of Detainee's Request:     YES ☐          NO ☒

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:

_____

Appeal Board's Signatures / Dates: _____ 9/7/ _____ 9-7-04

Date Detainee Rec.'d the Appl. Bd.'s Response: 9 / 16 / 04   Detainee Signature: Rody Patton

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Exhibit (F)

# REPORT OF THE COMMITTEE ON FINANCE

March 12, 2003

The Honorable,
The Board of Commissioners of Cook County

## ATTENDANCE

Present:     Chairman Daley, Vice Chairman Steele, Commissioners Butler, Claypool, Collins, Gorman, Goslin, Hansen, Maldonado, Moreno, Murphy, Peraica, Quigley, Silvestri, Sims, Suffredin and President Stroger (17)

Absent:      None (0)

Also Present:     Honorable Michael F. Sheahan — Sheriff of Cook County; Patrick T. Driscoll, Jr. — Deputy State's Attorney, Chief, Civil Actions Bureau; Thomas V. Lyons — Deputy Chief, Civil Actions Bureau, State's Attorney's Office; and E. Michael Kelly — Attorney, Hinshaw & Culbertson

Court Reporter:          Anthony W. Lisanti, C.S.R.

Ladies and Gentlemen:

Your Committee on Finance of the Board of Commissioners of Cook County met pursuant to notice on Wednesday, March 12, 2003 at the hour of 1:00 P.M. in the Board Room, Room 569, County Building, 118 North Clark Street, Chicago, Illinois.

Your Committee has considered the following items and upon adoption of this report, the recommendations are as follows:

258066     INDEPENDENT INVESTIGATION OF ALLEGED COOK COUNTY JAIL INMATE ABUSE RESOLUTION (PROPOSED RESOLUTION). Submitting a Proposed Resolution sponsored by Earlean Collins, County Commissioner; Co-sponsored by Jerry Butler, Forrest Claypool, John P. Daley, Elizabeth Ann Doody Gorman, Gregg Goslin, Carl R. Hansen, Roberto Maldonado, Joseph Mario Moreno, Joan Patricia Murphy, Anthony J. Peraica, Mike Quigley, Peter N. Silvestri, Deborah Sims, Bobbie L. Steele, Larry Suffredin and President John H. Stroger, Jr., County Commissioners.

## PROPOSED RESOLUTION

### INDEPENDENT INVESTIGATION OF ALLEGED COOK COUNTY JAIL INMATE ABUSE

WHEREAS, it is public policy and practice of the President and the Board of Commissioners to protect the safety and rights of inmates as well as law enforcement officials within the Cook County Jail System; and

WHEREAS, there has been considerable court litigation, reports, publications and public demonstrations about alleged excessive use of force and abuse by law enforcement officials and gang activities within Cook County Jail System; and

WHEREAS, to maintain integrity of the Cook County Jail System it is necessary

Exhibit 1/1

Case: 1:04-cv-07445 Document #: 26 Filed: 02/16/05 Page 48 of 57 PageID #:226

that an investigation be conducted by an independent body which has no past or present ties with the criminal justice system in Cook County: such as universities and law schools which are more cost effective, labor intensive, and could shorten the completion time of the investigation; and

THEREFORE BE IT RESOLVED, that the President and the Board of Commissioners of Cook County authorize the commission of an independent investigation of Cook County Jail System by a university or law school through the RFP process.

BE IT FURTHER RESOLVED, that the RFP process clearly defines the scope of services to be rendered which shall include but are not limited to protecting the confidentiality of all interviewees, a clearly defined plan to minimize disruptions of day-to-day operations, and a time certain for completion.

\* Referred to the Finance Committee on March 6, 2003

Following the Call of the Meeting, Chairman Daley informed committee members that the meeting would be conducted according to a sequence, as follows: (1) Patrick Driscoll, Deputy State's Attorney, Chief of the Civil Actions Bureau will give a brief opening statement. (2) The Honorable Michael F. Sheahan, Sheriff of Cook County, will make a presentation. (3) Questions for the Sheriff from committee members will be entertained. (4) Public testimony will be received.

Patrick Driscoll, Deputy State's Attorney, requested that if anyone had any questions regarding pending litigation, that they please address those questions to the Litigation Subcommittee.

Sheriff Michael Sheahan thanked the committee for inviting him to appear. He stated that there is pending civil litigation regarding issues under consideration by the committee, and his office has been working with both the State's Attorney's Office and the law firm of Hinshaw & Culbertson. Sheriff Sheahan noted the presence of Mr. Driscoll of the State's Attorney's Office, and E. Michael Kelly representing Hinshaw & Culbertson, and stated that legal counsel had advised him that he should not engage in detailed discussion of any alleged incidents.

Sheriff Sheahan read a prepared statement, the text and appendices of which are attached hereto and made a part hereof.

Chairman Daley called upon Secretary Williams to read into the record a letter from President Stroger to the Honorable Paul P. Beibel, Presiding Judge of the Criminal Division, which is attached hereto and made a part hereof.

At the request of President Stroger, Secretary Williams read pertinent sections of the County Jail Act (730 ILCS 125/22, 125/23) into the record, all of which are attached hereto and made a part hereof.

President Stroger expressed his appreciation to Sheriff Sheahan for appearing before the committee to submit a comprehensive report regarding what his office's response is to alleged jail brutality. He further stated that the State's Attorney's Office must be allowed to do its part, as must the Chief Judge by statute and constitutional authority. President Stroger called upon the Board of Commissioners to support the Sheriff's efforts to address the issues of overpopulation and under-funding of correctional institutions.

Commissioner Collins noted her support for a Grand Jury convened by Chief Judge Timothy Evans, because it would be made up of citizens and would therefore be independent. She expressed her desire for an ongoing review of alleged brutality.

Sheriff Sheahan said that he welcomes input from independent bodies. He offered the example of

Case: 1:04-cv-07445 Document #: 26 Filed: 02/16/05 Page 49 of 57 PageID #:227

KPMG, the consulting firm conducting a review of the Cook County Jail, using an outside panel of law enforcement professionals. He stated that the current average stay of an inmate is 180 days, up from 90 days. There are almost 1,000 people who have been in jail over 2 years.

In response to Commissioner Collins' question regarding whether the Sheriff is reviewing all issues or only brutality, Sheriff Sheahan stated that the consulting firm is looking at all relevant operational issues, specifically within the Internal Affairs Division and with respect to inmate grievances.

Chairman Daley stated the letter from President Stroger was directed to Judge Biebel in his role as Presiding Judge of the Criminal Division, not to Chief Judge Timothy Evans.

President Stroger confirmed that the presiding judge of the criminal division would oversee this matter. He further noted that he does not intend to select any additional members for the Sheriff's investigative review panel at this time.

Commissioner Quigley expressed his belief that the Sheriff's Office should make the panel independent, as did Los Angeles.

Sheriff Sheahan responded that his panel is independent, and that he has no objection to the idea of a grand jury.

Commissioner Quigley suggested that if the Sheriff goes the extra step of having an independent committee investigate the allegations, public faith in the system would be restored.

In response to Commissioner Quigley's question about whether the panel will be reviewing the whole Sheriff's system or just the jail, Sheriff Sheahan responded just the jail.

In response to Commissioner Quigley's question about what triggers an inquiry by Internal Affairs, Sheriff Sheahan responded that any report made by an inmate triggers a review by Internal Affairs, and if the complaint is deemed significant, Internal Affairs investigates further, and, depending on the severity of the charge, there is also a group of Sheriff's police ready to investigate. The Internal Affairs Division is headed by the inspector general, who reviews all cases handled by the department. He further stated that there are mandatory reports that all officers who use force must submit, and checks and balances are in place now that did not exist five years ago.

Commissioner Quigley stated that in the Litigation Subcommittee over the past five years, it appeared to the members of the committee that only about half of the complaints were being investigated by Internal Affairs.

Sheriff Sheahan said that may have been the case previously, but was not the case presently. He also stated that the Sheriff's Office has a sophisticated detective team that seeks to uncover criminal activity, and cited a recent example wherein a guard who struck a suspect in a well known murder case in Palatine was terminated and is being charged by the State's Attorney's Office.

In response to Commissioner Quigley's suggestion that it might be prudent for the Sheriff's Office to go back over cases which settled and where the officers involved were not disciplined, Sheriff Sheahan responded that the Sheriff's Office is tracking all prior allegations of use of force, whether the allegation was sustained or not.

In response to Commissioner Quigley's question whether the Sheriff's Office is going to review these cases, Sheriff Sheahan responded that the consulting firm is going to devise policies based on these cases, but that these cases will not be reopened.

Commissioner Quigley noted that the Litigation Subcommittee would appreciate receiving these reports on an ongoing basis.

Case: 1:04-cv-07445 Document #: 26 Filed: 02/16/05 Page 50 of 57 PageID #:228

Sheriff Sheahan stated that since 1998 he has moved to fire 176 employees, for failing drug tests, excessive force, job abandonment, domestic violence and other charges, and that in general he is proactive when it comes to firing employees who violate the law.

Commissioner Silvestri noted that at the most recent subcommittee meeting the State's Attorney's Office agreed to provide the employment status of any employee involved in litigation.

Commissioner Quigley asked how the Sheriff's Office intends to utilize alternative programs to alleviate the overcrowding in Cook County Jail.

Sheriff Sheahan stated that the Jail has 11,000 inmates, and an additional 5,500-6,000 on alternative programs. Inmates are classified according to the crimes they commit. A recent study showed that detainees on electronic monitoring are more likely to show up to court than those out on bond. This program, along with progressive discipline, is very successful. He stated that other alternatives are Day Reporting, Boot Camp and drug treatment. He further stated that just when the overpopulation problem was being brought to heel, the state transferred 1,257 parole holds to the jail, and that the Sheriff's Office is not allowed to put these parole holds in alternative programs.

Commissioner Quigley noted that in a report from approximately five years ago, it was indicated that there were, at the time, approximately 6,000 people being held on $1,000 bond, in addition to people who were homeless or didn't have a telephone, and therefore could not be put on electronic monitoring.

Sheriff Sheahan disputed this figure, explaining that there are 1,600 murder detainees, another 2,400 are rapists or have committed armed robbery or aggravated battery. Sheriff Sheahan stated that he believes that more people can be put in alternative programs, but that it would require a financial commitment from the Board of Commissioners, because the programs are at their budgetary limits.

Commissioner Quigley offered the opinion that perhaps the criteria used to funnel people into alternative programs is a little rigid. He questioned the lack of alternative, community-based housing, and said that poor people with no phone are not allowed to be released into programs that require monitoring.

Sheriff Sheahan replied that there is currently a pilot program underway where those without a phone are given a wireless phone. He commented that he would put out as many people as he could as long as they could be monitored and were not a threat to society. He reiterated that the overcrowding problem is due to an unanticipated 1,200 detainees who cannot be bonded out and are not going through the system in a timely manner.

Chairman Daley asked Commissioner Quigley to identify the report to which he was referring.

Commissioner Quigley replied that the report is a 2001 draft that was part of CORT (County Operational Report Team) Report that the President had commissioned. He further stated that the numbers of detainees at the Jail don't seem to add up.

Sheriff Sheahan responded that the real problem is those who are property of the state and cannot get a parole hold meeting.

In response to President Stroger's question whether the legislature has addressed the issue of detainees committing crimes while out on parole, Sheriff Sheahan responded that within its first year the community was protesting the use of the I bond because a number of those out on bond were committing crimes.

Commissioner Quigley stated that it would be wise to do a system-wide, rather than jail-wide, study, that many of the ideas that Sheriff Sheahan had talked about were in the 1992 Kolts study from Los

Case: 1:04-cv-07445 Document #: 26 Filed: 02/16/05 Page 51 of 57 PageID #:229

Angeles County, including the early warning system, the responsive grievance process, the aggressive internal investigations, and using litigation to learn from mistakes as a management tool.

Sheriff Sheahan stated that he had been to the Los Angeles jail and that he believes Cook County's jail is managed better.

Commissioner Goslin asked that Sheriff Sheahan get back to the Commissioners regarding how many detainees are held on bond of $1,000 or less, because from a cost/benefit analysis it might be better to create an alternative program for them, especially if the numbers Commissioner Quigley quotes are accurate.

Sheriff Sheahan responded that yes he would do this, but advised that some of the detainees have a history of crime and it is not prudent for them to be out on bond. He stated that, as a former teacher, he believes that people will better themselves given a chance and this is why so many alternative programs have been developed.

Vice-Chairman Steele said that she hopes the panel will be expanded by at least two or three people. She asked what time frame the Sheriff had for the panel to produce a report.

Sheriff Sheahan said that those parameters would be set in a meeting tomorrow, and this information would be conveyed to the commissioners.

In response to Vice Chairman Steele's request for a specific explanation of the grievance process, Sheriff Sheahan referred the commissioners to Exhibit E of his report which contains a detailed explanation.

In response to Vice Chairman Steele's request for an explanation of parole holds, Sheriff Sheahan responded that these are people who have violated their parole by committing another crime, but cannot be transferred downstate because of pending hearings in Cook County. They get put into the system here and the system moves slowly and they are not allowed to go into any alternative programs. He stated that what his office would like to see, if it is a minor charge, is to have a hearing quickly in a parole court. He stated that the state will not contribute any money for more judges.

President Stroger commented that it is necessary for the state to take some responsibility.

Sheriff Sheahan stated that active parolees have unduly burdened the system. He stated that under the direction of President Stroger and Bill Quinlan, he has had repeated meetings with all the principals, including the Illinois Department of Corrections (IDOC), to no avail. He stated that he even suggested that parolees be sent to Joliet, but instead the State shut down Joliet.

In response to Vice Chairman Steele's observation that 10% of the jail population is mentally ill, Sheriff Sheahan noted that the State has closed many of its mental institutions. He stated that a number of inmates are treated with medication by jail doctors.

President Stroger noted that the State has abdicated its responsibility to the homeless, especially the mentally ill, who only get treatment while in jail. He noted that the Board of Commissioners must work with legislators to spur legislative action.

In response to Commissioner Sims' question regarding whether the Sheriff has pursued any grants, or considered purchasing the building across the street from the jail to house the mentally ill, Sheriff Sheahan stated that Cermak Hospital does an analysis of each incoming inmate for mental illness, and his office has worked with the Illinois Department of Mental Health trying to get grants for mentally ill female inmates. He noted that the County tried to purchase the building across the street but that it was overvalued and therefore not a good investment.

In response to Vice Chairman Steele's question about what the Special Operations Response Teams (SORT) does, Sheriff Sheahan explained that every major penal institution has Special Operations Response Teams, and that these teams engage in a number of activities, including taking a prisoner to court or downstate, responding to fights, and conducting contraband searches. He stated that most of the SORT teams operate in maximum-security divisions. He also stated that there are cameras now for contraband searches and sweeps. He further stated that cameras were implemented earlier with officers conducting traffic stops and that he expected resistance to these early cameras but that there was none. With these officers an order was developed, and this order will be followed in the jails. He stated that cameras afford the ability to review what took place and mete out appropriate discipline, including firing and criminal prosecution.

In response to Commissioner Murphy's question regarding how the drug/alcohol offenders and those with minor violations get mixed into the general population, Sheriff Sheahan replied that the general population is segregated from the most violent inmates, and includes minimum and medium security. He further clarified that maximum security takes up about 40% of the jail.

Commissioner Maldonado commented that he approves of the videotaping. He also commented that the SORT teams are held suspect by the public. He asked who would be doing the videotaping.

Sheriff Sheahan stated that right now a SORT member would be doing the videotaping, but that in the future, specially trained personnel would do it. He commented that in the police videotaping, the tape is immediately put into a locked box, and only a sergeant can take it out. He stated that also, at the Markham Courthouse, there is a video camera taping the lockup. He stated that he'd like to have stationary videotaping in all of the courthouses and in the jail.

Commissioner Maldonado asked what safeguards the Sheriff is going to put into place to prevent the SORT team member who is handling the video camera from turning it off once altercations ensue. He further stated that the public needs to know that there will be safeguards.

Sheriff Sheahan replied that an inmate could also hit the corrections officer holding the camera. He stated that this is why he would like a camera on the wall. He further stated that there will be timers on the video cameras.

In response to Commissioner Maldonado's question about how a SORT team gets its orders, Sheriff Sheahan stated that, under the supervision of commanding officers, SORT teams deal mainly with the security of the jail or the security of inmates.

In response to Commissioner Maldonado's question about who can stop an investigation in Internal Affairs, Sheriff Sheahan replied that only the Inspector General can stop an investigation in Internal Affairs.

In response to Commissioner Maldonado's question about whether it is typical for an investigation to last over two to three years, Sheriff Sheahan replied that yes, if a case involves litigation, it could be put on hold for several years.

In response to Commissioner Maldonado's question about whether a case investigated by Internal Affairs has its findings reviewed by the Inspector General, Sheriff Sheahan replied that yes, the Inspector General reviews the findings and recommends disciplinary action, and then the findings go back to the jail to the Command Channel Review, first to the Executive Director and then to the Undersheriff.

In response to Commissioner Maldonado's question about whether it was the practice that a request for medical attention should always be responded to, Sheriff Sheahan responded that it depended on the circumstances, but that yes, this was the generally the case.

Commissioner Maldonado commented that he had heard of an entity in other jurisdictions called critical incident review team that reviews critical incidents to make sure that the incident conforms to the proper policies and procedures.

Sheriff Sheahan replied that while there is no formal acronym, he meets with the executive director and superintendents of the jail to discuss any unusual circumstances. He further stated that good supervision is critical.

Commissioner Maldonado stated that he and the Sheriff had previously discussed the possible appointment of a person of Latino descent to the new panel.

Commissioner Peraica noted that over the past ninety days the Board has approved over $500,000 in consulting contracts for lobbyists in Springfield. He stated that he hopes that the Sheriff's Offices takes the opportunity to work with some of these lobbyists to procure funding and legislative initiatives from Springfield. He further stated that it has been asserted that there is racism at the jail, and asked for a breakdown of the racial makeup of the correctional officers.

Sheriff Sheahan replied that the racial makeup of the staff is mostly African American, then white, then Hispanic. He noted that the staff is dedicated and the job is tough. He also stated that the Jail has partnered with Moraine Valley Community College to support the staff earning college credit. He further stated that the American Correctional Association (ACA) has consistently rated Cook County as the highest among the major jails. He reiterated, the major problems confronting the jail are overcrowding, and that cases move too slow through the system. Additional problems include turf wars between gang members and inmates testifying against each other.

In response to Commissioner Peraica's question about whether the jail has a representative on the Judicial Advisory Council, Sheriff Sheahan replied yes.

In response to Commissioner Peraica's question about what legislative initiatives the Cook County Board of Commissioners should support, Sheriff Sheahan replied that the biggest issue confronting the jail is getting parole holds to a speedier resolve. He stated another initiative would be a limitation on how long it takes for someone to get a trial. He stated that a third initiative would be for the state to give the jail more funding.

Commissioner Silvestri commented that the state government is in deep financial debt and that the Cook County Board of Commissioners and the Cook County jail should not rely on it for funding. He then asked whether there has been any effort, since the Budget Hearings, to come up with a way to work with the judiciary so that, for example, existing judges could be reassigned to the parole system.

Sheriff Sheahan stated that a request was made from the State for more judges, but that the State did not have the funds.

Commissioner Butler commented on reports that one detainee in particular was currently located in an area where an alleged incident was said to occur, and he wondered if it might be prudent to relocate this detainee.

Sheriff Sheahan replied that he would take Commissioner Butler's comment under advisement.

In response to Commissioner Suffredin's question about whether suspected criminal activities are referred to the State's Attorney's Office, Sheriff Sheahan replied yes.

In response to Commissioner Suffredin's question about whether the Merit Board plays any role in the reports of the Internal Affairs Division, Sheriff Sheahan replied that the Merit Board reviews firings. He stated that in cases of less than 30 days discipline, the case remains internal.

Commissioner Suffredin asked how the Sheriff is apprised of these happenings, and whether the Sheriff receives reports from the Inspector General or the Internal Affairs Division.

Sheriff Sheahan explained that the case routing is as follows: the case goes to the Inspector General, who makes a recommendation for discipline, then the case goes to the department from which it came, then it goes to Command Channel Review, then to the Undersheriff who concurs with or modifies the recommendation.

In response to Commissioner Suffredin's inquiry about the 1999 and 2000 cases, Sheriff Sheahan responded that they were handled by Internal Affairs.

Commissioner Suffredin encouraged a speedy resolution of these cases because they could hold up the reappointments to the Merit Board, and this would be unfortunate. Commissioner Suffredin concluded by stating that he believes the committee should continue to work on the resolution offered by Commissioner Collins.

In response to Commissioner Hansen's question about whether the State's Attorney's Office has considered filing a suit against the State of Illinois because parole holds are wards of the state and therefore the state should be held accountable, Patrick Driscoll replied no such suit is planned but that he would be willing to discuss it.

Sheriff Sheahan noted that his figures currently show 1,257 parole holds at the jail, and this figure causes severe budgetary pressures.

In response to Commissioner Gorman's question about whether the understaffing at the jail is a budgetary issue or a result of the hiring criteria, Sheriff Sheahan replied it is primarily a budgetary issue, but also a result of the early retirement program.

In response to an inquiry from Commissioner Sims, Tom Lyons of the State's Attorney's Office made the distinction between several categories of parole holds, including one category comprised of new arrests that are pending trial.

Chairman Daley asked the Secretary to the Board to call upon the registered public speakers.

The following people offered public testimony:

1.  Joseph Watkins – Voice of the Ex-Offender
2.  Paul McKinley – Voice of the Ex-Offender
3.  Howard Saffold – President & CEO - Positive Anti-Crime Thrust, Inc.
4.  Charlotte Lee-Thomas – Sister of deceased inmate
5.  Martavius Carter – Voice of the Ex-Offender
6.  David Bates – Justice Coalition
7.  Mary L. Johnson – Justice Coalition
8.  Harriet McCullough – Executive Director, Citizens Alert
9.  Aaron Patterson – APDC
10. Jeff Tichelar – Minister
11. William F. Wendt – Citizen

Commissioner Collins, seconded by Commissioner Silvestri, moved to defer consideration of Communication No. 258066. The motion carried. Commissioner Quigley voted no.

258067    COMMUNICATION FROM COMMISSIONER MIKE QUIGLEY. Transmitting a Communication from Mike Quigley, County Commissioner, dated February 2003:

Re: Litigation involving the Sheriff

The following is a synopsis of the Communication from Commissioner Mike Quigley.

\* Over the course of the past few years, members of the Litigation Subcommittee of the Cook County Board Finance Committee have grown increasingly frustrated by ongoing payouts to victims of brutality and excessive force at the hands of Cook County Sheriff's Deputies. While a certain measure of litigation is always inevitable, some of the outrageous fact patterns in the suits against the Sheriff's Department add to the Commissioners' sense that oversight and accountability at the Sheriff's Department is lacking. \*

\* Referred to the Finance Committee on March 6, 2003

Commissioner Suffredin, seconded by Commissioner Hansen, moved to defer consideration of Communication No. 258057. The motion carried. Commissioner Quigley voted no.

Commissioner Hansen moved to adjourn the meeting, seconded by Commissioner Silvestri. The motion carried unanimously and the meeting was adjourned.

Respectfully submitted,
Committee on Finance

Attest:

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
John P. Daley, Chairman

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
Sandra K. Williams, Secretary

The transcript for this meeting is available in the Office of the Secretary to the Board, 118 North Clark Street, Room 567, Chicago, Illinois 60602.



# COOK COUNTY SHERIFF'S OFFICE
## Office of the Inspector General

### COMPLAINANT AFFIDAVIT

On __06 AUGUST, 2004__ , I ____RODNEY____
   (Date)          __INMATE RODNET PATTON #2004-0029855__ ,
                    (Name of Complainant

filed a complaint with the Cook County Sheriff's Office against the following sworn

peace officer: __C/O TIMOTHY REED__ .
                (Accused Officer)

I do solemnly swear that the facts and allegations contained within my complaint

are true and correct to the best of my knowledge.


Complainant's Signature: _Rodn Patton_

Date: _9-1-04_


State of Illinois )
County of Cook )

Signed and sworn to before me on _Sept 1, 04_ by _Rod Patton_
                                  (Date)          (Name of Person Making Statement)


(Notary Seal)

"OFFICIAL SEAL"
LISA M. SCHMILKE
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 06/17/2008

_____
(Signature of Notary Public)

(36)

Part – 3 / Control #: 04 X 1234

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: PATTON     First Name: RODNEY     ID#: 2001 0029355

Is This Grievance An Emergency?     YES ☐     NO ☒

C.R.W.'S Summary Of The Complaint: Alledges lack of information from CRS

C.R.W. Referred Griev. To: JAC     Date Referred: 10 / 8 / 04

Response Statement: To CRW — No NAMES OF EMPLOYEES WILL BE GIVEN WITHOUT LEGAL CONSENT — INFORM DETAINEE PATTON TO FILE LEGAL PAPERS TO SEEK SUCH INFORMATION. REQUEST DENIED AGAIN

Chief Kaufmann ——————— (signature)     Date: 10 / 8 / 04     Div./Dept. TMS
(print - name of individual responding to this griev.)     (signature of individual responding to this griev.)

Chief Slazir F/32 - CHUCK J. SLAZIR     Date: 10 / 8 / 04     Div./Dept. 9
(print - name of Supt. / Designee / Dept. Admin.)     (signature of Supt. / Designee / Dept. Admin.)

J. Mueller ——————— (signature)     Date: 10 / 13 / 04
(print - name of Prog. Serv. Admin./ Asst. Admin.)     (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: 10 / 15 / 04     Detainee Signature: Rod Patton

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: 10 / 15 / 04

Detainee's Basis For An Appeal: That I AM entitled under the law to request ANY NAME and BADGE NUMBERs of SHERIFF that violated my right or CAUSE HARM or INJURY

Appeal Board's Acceptance Of Detainee's Request:     YES ☐     NO ☒

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:
Denied. Follow procedure as outlined in response statement above.

Appeal Board's Signatures / Dates:
(signature)     10/19/04     Ron D. Ron 10-19-04     DAN SINEIS (TM)

Date Detainee Rec'd the Appl. Bd.'s Response: 10 / 26 / 04     Detainee Signature: Rod Patton

GRIEVANCE CODE(S): (____) (____) (____) (____)

(WHITE COPY – PROG. SERV.)     (YELLOW COPY – C.R.W.)     (PINK COPY – DETAINEE)     (GOLDENROD COPY – DIVISION/SUPT. OFFICE)